IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD SAMUEL, ) | |
| ) | |
| Plaintiff, ) | 4:04cv3311 |
| ) | |
| vs. ) | MEMORANDUM AND ORDER |
| ) | |
| K. SMITH, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the following pending motions: (1) filing no. 31, the Motion to Dismiss filed by the defendants, K. Smith et al., employees of the Nebraska Department of Correctional Services ("DCS"); (2) filing no. 35, the Request for Production of Documents filed by the plaintiff, Richard Samuel, a prisoner in DCS custody when he filed the complaint; (3) filing no. 37, the plaintiff's Motion to Amend his complaint to clarify objectionable accounting practices by DCS and to add a claim regarding voyeurism during inmate showers; (4) filing no. 38, the defendants' second Motion to Dismiss; (5) filing no. 41, the defendants' Motion to Stay Discovery; and (6) filing no. 44, the plaintiff's Motion for Enlargement of Time, Stay of Proceedings and Release of Documents. In his complaint, as amended and supplemented, the plaintiff, complains of civil rights violations while he was in the custody of DCS. Pursuant to 42 U.S.C. § 1983, the plaintiff seeks injunctive relief against the employees of DCS who allegedly perpetrated the wrongs which are the subject of the plaintiff's claims.

As the court repeatedly explained in filing nos. 13, 22 and 26, the plaintiff has sued the defendants in their official capacity *only*. When a complaint does not specify whether a defendant is sued in his or her individual capacity, official capacity, or both, the law presumes that a defendant is sued *only* in his or her official capacity. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings). The court gave the plaintiff an opportunity to amend the complaint to add individual-capacity allegations, but the plaintiff never did so.

1

As the court also informed the plaintiff in previous orders, a lawsuit against a public employee in his or her official capacity is actually a suit against the public employer. See Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections officer, in his or her official capacity, is in reality a claim against the entity that employs the officer. See also Eagle v. Morgan, 88 F.3d 620, 629 n. 5 (8th Cir. 1996), *quoting* Kentucky v. Graham: "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Therefore, in this case, the defendants' governmental employer, the State of Nebraska, is actually the only defendant in this case.

For the reasons stated below, filing no. 38, the defendants' second Motion to Dismiss, will be granted.

State sovereign immunity, preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state, state agencies or state employees in their official capacity for damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

In addition, the remedy of prospective injunctive relief to prevent future violations, if any, of federal law is not available for the plaintiff's claims against the defendants, as the plaintiff is no longer in their custody.[1] See generally United States Parole Commission v. Geraghty, 445 U.S. 388, 397 (1980): "The 'personal stake' aspect of mootness doctrine also serves primarily the purpose of assuring that federal courts are presented with disputes they are capable of resolving. One commentator has defined mootness as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence

---

[1]The plaintiff is presently in a federal prison.

2

(mootness).'"  (Citation omitted.)   "A claim for equitable relief is moot 'absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again.'" Randolph v. Rodgers, 170 F.3d 850, 856-57 (8th Cir. 1999).  When, as in this case, "an inmate has been transferred to another institution, his claim for injunctive relief against the warden of the first prison to improve the former prison's conditions is moot."  Id. at 857, *citing* Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

THEREFORE, IT IS ORDERED:

1. That filing no. 38, the defendants' second Motion to Dismiss, is granted;

2. That all other pending motions (filing nos. 31, 35, 37, 41 and 44) are denied as moot;

3. That the plaintiff's complaint, as amended and supplemented, and this action are dismissed with prejudice; and

4. That a separate judgment will be entered accordingly.

December 6, 2005.			BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge

3